56.6197

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| WEST BEND INSURANCE COMPANY,<br><br>*Plaintiff,*<br><br>v.<br><br>WARD CHRYSLER CENTER, INC., MARK WARD, RON WARD, LARRY BALDWIN, DEBRA BALDWIN, JAMES WARDEN, VICKI WARDEN and JEAN BULLOCK,<br><br>*Defendants.* | ) | Case No. 3:26-cv-1326 |

**COMPLAINT FOR DECLARATORY JUDGMENT**

The Plaintiff, WEST BEND INSURANCE COMPANY ("WEST BEND"), by and through its attorneys, Peter G. Syregelas and Thomas J. A. Weller of Lindsay, Pickett, & Postel, LLC, hereby submits its complaint for declaratory judgment (pursuant to the Declaratory Judgment Act, 28 U.S.C. 2201 *et seq*.) against the defendants, WARD CHRYSLER CENTER, INC. ("WCC"), MARK WARD, RON WARD, LARRY BALDWIN, DEBRA BALDWIN, JAMES WARDEN, VICKI WARDEN and JEAN BULLOCK.

**Introduction**

1. West Bend seeks a declaration that it does not owe any duty to defend or indemnify WCC or its directors and officers Mark Ward and Ron Ward on a policy of insurance issued by West Bend to WCC with respect to an underlying class action lawsuit styled as *Larry Baldwin*, *et al. v. Ward Chrysler Center, Inc.*, *et al.*, case no. 2024-LA-79, and currently pending in the Circuit Court for the First Judicial Circuit in Jackson County, Illinois (the "underlying lawsuit"). That lawsuit alleges, in sum, that WCC, Mark Ward

and Ron Ward fraudulently deprived the underlying plaintiffs and proposed class members from receiving manufacturer rebates on the purchase of new Chrysler automobiles and wrongfully retained the rebates for their own profit. Section II of the West Bend policy's Auto Dealers Coverage Form provides no coverage to WCC, Mark Ward, and Ron Ward for the lawsuit because: (1) the underlying lawsuit does not allege "bodily injury," "property damage," or "personal and advertising injury;" and (2) the "expected or intended injury," "contractual," "knowing violation of rights of another," and "breach of contract" exclusions apply. Section III of the West Bend policy's Auto Dealers Coverage Form provides no coverage to WCC, Mark Ward, and Ron Ward for the lawsuit because: (1) the lawsuit does not allege an "act, error or omission;" and (2) the "criminal, fraudulent, malicious, dishonest or intentional acts," "contractual," "profit gain," and "noncompensatory damages" exclusions apply. West Bend owes no duty under the West Bend policy's Illinois Customer Complaint Legal Defense Coverage to reimburse WCC, Mark Ward, and Ron Ward for their defenses expenses in the underlying lawsuit beyond the coverage's $20,000 liability limit. The West Bend policy's Commercial Liability Umbrella Coverage Form provides no coverage to WCC, Mark Ward, and Ron Ward for the lawsuit because: (1) the underlying lawsuit does not allege "bodily injury," "property damage," or "personal and advertising injury;" (2) the "expected or intended injury," "contractual liability," "knowing violation of rights of another," and "breach of contract" exclusions apply; and (3) the Commercial Liability Umbrella Coverage Form does not apply to any coverage provided under Section III of the Auto Dealers Coverage Form.

**The Parties**

2. West Bend is a stock corporation organized under the laws of Wisconsin, with its principal place of business in West Bend, Wisconsin. West Bend is a citizen of Wisconsin.

3. Ward Chrysler Center, Inc., is an Illinois corporation with its principal place of business in Carbondale, Illinois. WCC is a citizen of Illinois.

4. Mark Ward is an Illinois citizen who resides in DuQuoin, Illinois.

5. Ron Ward is an Illinois citizen who resides in Royalton, Illinois.

6. Upon information and belief, Larry Baldwin and Debra Baldwin are Illinois citizens who reside in Alexander County, Illinois.

7. Upon information and belief, James Warden and Vicki Warden are Illinois citizens who reside in Pulaksi County, Illinois.

8. Upon information and belief, Jean Bullock is an Illinois citizen who resides in Union County, Illinois.

9. Larry Baldwin, Debra Baldwin, James Warden, Vicki Warden, and Jean Bullock (collectively, "underlying plaintiffs") are "necessary parties" to this action under applicable state law and may therefore be "required parties" under FRCP 19, in that they may have an interest in the subject matter of this action. West Bend seeks no relief from the underlying plaintiffs, other than to the extent, if any, that they are interested in the subject matter of this action, that they be bound by the judgment sought herein. If the underlying plaintiffs, by a duly authorized representative, will sign a stipulation to that effect, then West Bend would be willing to voluntarily dismiss them as defendants.

## Jurisdiction and Venue

10. The jurisdiction of this Court is based upon 28 U.S.C. § 1332, in that there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to this claim occurred in this district.

## The Underlying Litigation

12. On November 21, 2024, the underlying plaintiffs filed their class action complaint against WCC, Mark Ward, and Ron Ward, case no. 2024-LA-79, in the Circuit Court for the First Judicial Circuit in Jackson County, Illinois.

13. On December 27, 2024, West Bend sent WCC, Mark Ward, and Ron Ward a coverage disclaimer letter in which West Bend denied defense and indemnity under the West Bend policy's Auto Dealers Coverage Form and Commercial Liability Umbrella Coverage Form but agreed to provide a defense under the policy's Illinois Customer Complaint Legal Defense Coverage endorsement, up to the endorsement's liability limit of $20,000.

14. On July 24, 2025, West Bend received an invoice from WCC, Mark Ward, and Ron Ward's counsel in the underlying lawsuit. The invoice itemized defense expenses of $43,512.50 provided by such counsel during the period of time between December 23, 2024 through June 29, 2025.

15. On April 15, 2026, the underlying plaintiffs filed their second amended class action complaint ("the underlying complaint"). A true and correct copy of the underlying complaint is attached hereto as **Exhibit A**.

16. The underlying complaint alleges that WCC has been authorized by FCA US, LLC ("FCA") to sell new Chrysler automobiles with parts and services in accordance with a general franchise agreement ("the Agreement") between WCC and FCA. **Ex. A**, ¶ 8.

17. The underlying complaint alleges that FCA, through WCC, provides rebates to purchasers of new Chrysler automobiles. **Ex. A**, ¶ 10.

18. The underlying complaint alleges that the Agreement requires WCC to notify of and transfer to customers these rebates. **Ex. A**, ¶ 11.

19. The underlying complaint alleges that WCC, by and through its officers and directors Mark and Ron Ward, intentionally concealed the existence and amount of the rebates from the underlying plaintiffs and other class members. **Ex. A**, ¶ 12.

20. The underlying complaint alleges that WCC, Mark Ward, and Ron Ward wrongfully retained the customer rebates designed to be credited or paid to the underlying plaintiffs and other class members upon their purchase of a Chrysler vehicle. **Ex. A**, ¶ 13.

21. The underlying complaint alleges that the underlying plaintiffs discovered, through other litigation, that WCC, Mark Ward, and Ron Ward had engaged in the above-mentioned fraudulent concealment or withholding of the rebates and that they have been engaging in this conduct since before January 1, 2017, and have been actively concealing this practice from their customers for years. **Ex. A**, ¶ 17.

22. The underlying complaint alleges that WCC, Mark Ward, and Ron Ward engaged in one or more of the following deceptive and unfair acts or practices with respect to the underlying plaintiffs' purchase of new Chrysler vehicles:

(a) Failed to inform the underlying plaintiffs and proposed class members of the existence of a factory authorized rebate from FCA

for the purchase of a specific Chrysler vehicle;

(b) Intentionally concealed from the underlying plaintiffs and proposed class members the existence of a factory authorized rebate even though they had a duty to inform the underlying plaintiffs and proposed class members pursuant to their agreements with FCA;

(c) Wrongfully retained for their own profit the rebates specifically designated to be credited, paid, or transferred to the underlying plaintiffs and proposed class members as required by the Agreement. **Ex. A**, ¶ 23.

23. The underlying complaint alleges that WCC, Mark Ward, and Ron Ward intended for the underlying plaintiffs to rely upon one or more of the above-described deceptive acts and / or practices in determining whether to buy any Chrysler vehicle from them, and that such conduct was "willful or intentional and done with evil motive or reckless indifference to the rights of others." **Ex. A**, ¶ 27.

24. The underlying complaint contains five counts. Counts I-III allege that WCC, Mark Ward, and Ron Ward violated the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, and seek compensatory damages in the amount of the rebates the underlying plaintiffs allege were not awarded to them, along with punitive damages. **Ex. A**, ¶¶ 28-33.

25. Count IV seeks a declaratory judgment finding and declaring that arbitration agreements between the underlying plaintiffs and WCC, Mark Ward, and Ron Ward are voidable and revocable because they were not properly formed, were fraudulently induced, and are unconscionable. **Ex. A**, ¶¶ 34-47.

26. Count V, asserted in the alternative to Counts I-IV, is a claim for negligent misrepresentation. **Ex. A**, ¶ 49.

27. Count V alleges that WCC, Mark Ward, and Ron Ward owed the underlying plaintiffs a duty to disclose the existence of the manufacturer rebates that were to be paid to them for the purchase of a new Chrysler automobile, and that they were negligent in the failure to inform the underlying plaintiffs of the existence of these rebates. **Ex. A**, ¶¶ 50-52.

28. Count V also alleges that WCC, Mark Ward, and Ron Ward intended to induce the underlying plaintiffs to purchase the new Chrysler automobiles without disclosing the existence of the manufacturer rebates that should have been paid to the underlying plaintiffs. **Ex. A**, ¶ 53.

## **The West Bend Policy**

29. West Bend Insurance Company[1] issued a commercial lines policy, policy no. B455736, for the policy periods December 1, 2023, through December 1, 2024, and December 1, 2024, through December 1, 2025 (collectively the "West Bend policy"). True and correct copies of the West Bend policy are attached hereto as **Exhibit B** (for the 2023-2024 policy period) and **Exhibit C** (for the 2024-2025 policy period).

30. The West Bend policy lists Ward Chrysler Center, Inc. as the first named insured. The material provisions of the policy are set forth below.

31. The West Bend policy includes an Auto Dealers Coverage Form which provides general liability bodily injury and property damage liability coverage with a liability limit of $1,000,000 per accident. It also provides personal and advertising injury liability coverage with a liability limit of $1,000,000 for any one person or organization.

[1] The 2023-2024 policy was issued by "West Bend Mutual Insurance Company." This entity is now known as "West Bend Insurance Company."

32. Section II of the Auto Dealers Coverage Form provides, in relevant part, as follows:

**AUTO DEALERS COVERAGE FORM**

**SECTION II – GENERAL LIABILITY COVERAGES**

**A. Bodily Injury And Property Damage Liability**

**1. Coverage**

**a.** We will pay all sums that an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from your "auto dealer operations".

We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we will have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.***

**2. Exclusions**

This insurance does not apply to any of the following:

**a. Expected Or Intended Injury**
"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured". This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

**b. Contractual**
Liability assumed under any contract or agreement. But this exclusion does not apply to liability for damages:

**(1)** Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; or

**(2)** That the "insured" would have in the absence of the contract or agreement.

***

**B. Personal And Advertising Injury Liability**

**1. Coverage**

We will pay all sums that the "insured" legally must pay as damages because of "personal and advertising injury" to which this insurance applies, caused by an offense arising out of your "auto dealer operations", but only if the offense was committed in the coverage territory during the policy period.

We will have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.***

**2. Exclusions**
This insurance does not apply to:

**a. Knowing Violation Of Rights Of Another**
"Personal and advertising injury" caused by or at the direction of the "insured" with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

***

**e. Contractual**
"Personal and advertising injury" for which the "insured" has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the "insured" would have in the absence of the contract or agreement.

**f. Breach Of Contract**
"Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement".

***

**SECTION V – DEFINITIONS**

**A.** "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

**F.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these.

**R.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

**1.** False arrest, detention or imprisonment;

**2.** Malicious prosecution;

**3.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

**4.** Oral or written publication, in any manner, or material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

**5.** Oral or written publication, in any manner, of material that violates a person's right of privacy;

**6.** The use of another's advertising idea in your "advertisement"; or

**7.** Infringing upon another's copyright, trade dress or slogan in your "advertisement".

**U.** "Property damage" means damage to or loss of use of tangible property.

***

33. Section III of the West Bend policy's Auto Dealers Coverage Form provides acts, errors or omissions liability coverage with a $50,000 aggregate liability limit and a $1,000 deductible. Section III of the Auto Dealers Coverage Form provides, in relevant part, as follows:

**SECTION III – ACTS, ERRORS OR OMISSIONS LIABILITY COVERAGES**

**A. Coverage**

We will pay all sums that an "insured" legally must pay as damages because of any "act, error or omission" of the "insured" to which this insurance applies and arising out of the conduct of your "auto dealer

operations", but only if the "act, error or omission" is committed in the coverage territory during the policy period.

We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we will have no duty to defend any "insured" against a "suit" seeking damages for "act, errors or omissions" to which this insurance does not apply.***

**B. Exclusions**
This insurance does not apply to:

1. **Criminal, Fraudulent, Malicious, Dishonest Or Intentional Acts**
Damages arising out of any criminal, fraudulent, malicious, dishonest or intentional "act, error or omission" by an "insured", including the willful or reckless violation of any law or regulation. However, this exclusion does not apply to any "insured" who did not:

   **a.** Personally commit;

   **b.** Personally participate in;

   **c.** Personally acquiesce to; or

   **d.** Remain passive after having knowledge of;

   any such "act, error or omission".

***

3. **Profit Gain**
Damages based upon, attributable to or arising in fact out of the gaining of any profit, remuneration or advantage to which any "insured" was not entitled.

4. **Contractual**
Liability for which the "insured" has assumed in a contract or agreement. This exclusion does not apply to liability for damages that the "insured" would have in the absence of the contract or agreement.

5. **Noncompensatory Damages**
Criminal fines or penalties imposed by law or regulation, punitive or exemplary damages or demands for injunctive or equitable relief.

***

**SECTION V – DEFINITIONS**

**B.** "Act, error or omission" means any actual or alleged negligent act, error or omission committed by an "insured" in the course of your "auto dealer operations" arising:

**1.** Out of an "insured's" failure to comply with any local, state or federal law or regulation concerning the disclosure of credit or lease terms to consumers in connection with the sale or lease of an "auto" in your "auto dealer operations", including, but not limited to, the Truth In Lending and Consumer Leasing Acts;

**2.** Out of an "insured's" failure to comply with any local, state or federal law or regulation concerning the disclosure of accurate odometer mileage to consumers in connection with the sale or lease of an "auto" in your "auto dealer operations";

**3.** In an "insured's" capacity as an insurance agent or broker in the offering, placement or maintenance of any "auto" physical damage, auto loan/lease gap, credit life or credit disability insurance sold in connection with the sale or lease of an "auto" in your "auto dealer operations", but only if the "insured" holds a valid insurance agent or broker license at the time the "act, error or omission" is committed, in the jurisdiction in which your "auto dealer operations" is located, if required to do so by such jurisdiction; and

**4.** Out of a defect in title in connection with the sale or lease of an "auto" in your "auto dealer operations".

***

34. The West Bend policy's Auto Dealers Coverage Form is modified by an endorsement (form CA 25 84 10 13) which adds Illinois Customer Complaint Legal Defense Coverage with a $20,000 aggregate limit. West Bend owes a duty to reimburse WCC, Mark Ward, and Ron Ward for their defense expenses up to the $20,000 limit. After West Bend pays this amount, the policy's Illinois Customer Complaint Legal Defense

Coverage will be exhausted and West Bend will owe no duty to reimburse its insureds for any additional defense expenses they incur in the underlying lawsuit.

35. The West Bend policy also provides commercial liability umbrella coverage with a liability limit of $5,000,000 per occurrence and a personal and advertising injury limit of $5,000,000. The relevant provisions, exclusions, and definitions in the West Bend policy's Commercial Liability Umbrella Coverage Form are materially identical to those contained in Section II of the Auto Dealers Coverage Form and are not set forth here in full for the sake of brevity.

36. The West Bend policy's commercial liability umbrella coverage part contains the following endorsement form WB 1210 01 18:

**EXCLUSION – AUTO DEALERS ACTS, ERRORS OR OMISSIONS LIABILITY COVERAGES**

> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL LIABILITY UMBRELLA COVERAGE PART
>
> The Commercial Liability Umbrella Coverage Form does not apply to nor extend any coverage provided under Section III – Acts, Errors Or Omissions Liability Coverage of the Auto Dealers Coverage Form CA 00 25.

***

37. There may be other material provisions in the West Bend policy and West Bend reserves the right to plead them in the future.

## Coverage Allegations

### COUNT I
### No Duty to Defend or Indemnify WCC under the West Bend Policy

38. West Bend restates and incorporates the allegations in paragraphs 1 through 37, as if set forth fully herein.

39. West Bend does not owe WCC a duty to defend or indemnify under Section II of the West Bend policy's Auto Dealers Coverage Form for one or more of the following reasons, pleading hypothetically or in the alternative:

a. The underlying complaint does not allege "bodily injury."

b. The underlying complaint does not allege "property damage."

c. The underlying complaint does not allege "personal and advertising injury."

d. Coverage A's "expected or intended injury" exclusion applies.

e. Coverage A's "contractual" exclusion applies.

f. Coverage B's "knowing violation of rights of another" exclusion applies.

g. Coverage B's "contractual" exclusion applies.

h. Coverage B's "breach of contract" exclusion applies.

40. West Bend does not owe WCC a duty to defend or indemnify under Section III of the West Bend policy's Auto Dealers Coverage Form for one or more of the following reasons, pleading hypothetically or in the alternative:

a. The underlying complaint does not allege an "act, error or omission."

b. The "profit gain" exclusion applies.

c. The "noncompensatory damages" exclusion applies.

d. The “criminal, fraudulent, malicious, dishonest or intentional acts” exclusion applies.

e. The “contractual” exclusion applies.

41. West Bend does not owe WCC a duty to indemnify under the policy’s Illinois Customer Complaint Legal Defense Coverage endorsement and owes no duty to reimburse WCC for its defense expenses beyond the endorsement’s $20,000 liability limit.

42. West Bend does not owe WCC a duty to defend or indemnify under the West Bend policy’s Commercial Liability Umbrella Coverage Form for one or more of the following reasons, pleading hypothetically or in the alternative:

a. The underlying complaint does not allege “bodily injury.”

b. The underlying complaint does not allege “property damage.”

c. The underlying complaint does not allege “personal and advertising injury.”

d. Pursuant to endorsement WB 1210 01 18, the Commercial Liability Umbrella Coverage Form does not apply to nor extend any coverage provided under Section III – Acts, Errors Or Omissions Liability Coverage of the Auto Dealers Coverage Form.

e. Coverage A’s “expected or intended injury” exclusion applies.

f. Coverage A’s “contractual liability” exclusion applies.

g. Coverage B’s “knowing violation of rights of another” exclusion applies.

h. Coverage B’s “contractual liability” exclusion applies.

i. Coverage B’s “breach of contract” exclusion applies.

43. To the extent there are other bases on which West Bend can properly deny coverage, West Bend reserves the right to plead them in the future.

44. The above allegations are, on information and belief, denied by WCC, which in turn contends that the West Bend policy provides coverage for the allegations of the underlying complaint. West Bend, in turn, denies contrary contentions of WCC and each of them.

45. By reason of the foregoing, an actual and justiciable controversy exists between West Bend, on one hand, and WCC, on the other, which may be determined by a judgment or order of this Court. Pursuant to the terms of the Declaratory Judgment Act, 28 U.S.C. 2201 *et seq.*, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of insurance referred to herein and to adjudicate the final rights of all parties, and to give such other and further relief as may be necessary to enforce the same.

WHEREFORE, the plaintiff, WEST BEND INSURANCE COMPANY, respectfully requests that this honorable court enter a declaratory judgment, pursuant to the Declaratory Judgment Act, 28 U.S.C. 2201 *et seq.*, finding and declaring that West Bend owes no duty to defend or indemnify defendant, WARD CHRYSLER CENTER, INC., under its policy, with respect to the underlying complaint filed against it on behalf of LARRY BALDWIN, DEBRA BALDWIN, JAMES WARDEN, VICKI WARDEN and JEAN BULLOCK, and for such other and further relief as the court shall deem just.

**COUNT II**
**No Duty to Defend or Indemnify Mark Ward under the West Bend Policy**

46. West Bend restates and incorporates the allegations in paragraphs 1 through 37, as if set forth fully herein.

47. West Bend does not owe Mark Ward a duty to defend or indemnify under Section II of the West Bend policy's Auto Dealers Coverage Form for one or more of the following reasons, pleading hypothetically or in the alternative:

a. The underlying complaint does not allege "bodily injury."

b. The underlying complaint does not allege "property damage."

c. The underlying complaint does not allege "personal and advertising injury."

d. Coverage A's "expected or intended injury" exclusion applies.

e. Coverage A's "contractual" exclusion applies.

f. Coverage B's "knowing violation of rights of another" exclusion applies.

g. Coverage B's "contractual" exclusion applies.

h. Coverage B's "breach of contract" exclusion applies.

48. West Bend does not owe Mark Ward a duty to defend or indemnify under Section III of the West Bend policy's Auto Dealers Coverage Form for one or more of the following reasons, pleading hypothetically or in the alternative:

a. The underlying complaint does not allege an "act, error or omission."

b. The "profit gain" exclusion applies.

c. The "noncompensatory damages" exclusion applies.

d. The "criminal, fraudulent, malicious, dishonest or intentional acts" exclusion applies.

e. The "contractual" exclusion applies.

49. West Bend does not owe Mark Ward a duty to indemnify under the policy's Illinois Customer Complaint Legal Defense Coverage endorsement and owes no duty to

reimburse Mark Ward for his defense expenses beyond the endorsement's $20,000 liability limit.

50. West Bend does not owe Mark Ward a duty to defend or indemnify under the West Bend policy's Commercial Liability Umbrella Coverage Form for one or more of the following reasons, pleading hypothetically or in the alternative:

a. The underlying complaint does not allege "bodily injury."

b. The underlying complaint does not allege "property damage."

c. The underlying complaint does not allege "personal and advertising injury."

d. Pursuant to endorsement WB 1210 01 18, the Commercial Liability Umbrella Coverage Form does not apply to nor extend any coverage provided under Section III – Acts, Errors Or Omissions Liability Coverage of the Auto Dealers Coverage Form.

e. Coverage A's "expected or intended injury" exclusion applies.

f. Coverage A's "contractual liability" exclusion applies.

g. Coverage B's "knowing violation of rights of another" exclusion applies.

h. Coverage B's "contractual liability" exclusion applies.

i. Coverage B's "breach of contract" exclusion applies.

51. To the extent there are other bases on which West Bend can properly deny coverage, West Bend reserves the right to plead them in the future.

52. The above allegations are, on information and belief, denied by Mark Ward, who in turn contends that the West Bend policy provides coverage for the allegations of the underlying complaint. West Bend, in turn, denies contrary contentions of Mark Ward and each of them.

53. By reason of the foregoing, an actual and justiciable controversy exists between West Bend, on one hand, and Mark Ward, on the other, which may be determined by a judgment or order of this Court. Pursuant to the terms of the Declaratory Judgment Act, 28 U.S.C. 2201 *et seq.*, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of insurance referred to herein and to adjudicate the final rights of all parties, and to give such other and further relief as may be necessary to enforce the same.

WHEREFORE, the plaintiff, WEST BEND INSURANCE COMPANY, respectfully requests that this honorable court enter a declaratory judgment, pursuant to the Declaratory Judgment Act, 28 U.S.C. 2201 *et seq*., finding and declaring that West Bend owes no duty to defend or indemnify defendant, MARK WARD, under its policy, with respect to the underlying complaint filed against him on behalf of LARRY BALDWIN, DEBRA BALDWIN, JAMES WARDEN, VICKI WARDEN and JEAN BULLOCK, and for such other and further relief as the court shall deem just.

**COUNT III**
**No Duty to Defend or Indemnify Ron Ward under the West Bend Policy**

54. West Bend restates and incorporates the allegations in paragraphs 1 through 37, as if set forth fully herein.

55. West Bend does not owe Ron Ward a duty to defend or indemnify under Section II of the West Bend policy's Auto Dealers Coverage Form for one or more of the following reasons, pleading hypothetically or in the alternative:

a. The underlying complaint does not allege "bodily injury."

b. The underlying complaint does not allege "property damage."

c. The underlying complaint does not allege "personal and advertising injury."

d. Coverage A's "expected or intended injury" exclusion applies.

e. Coverage A's "contractual" exclusion applies.

f. Coverage B's "knowing violation of rights of another" exclusion applies.

g. Coverage B's "contractual" exclusion applies.

h. Coverage B's "breach of contract" exclusion applies.

56. West Bend does not owe Ron Ward a duty to defend or indemnify under Section III of the West Bend policy's Auto Dealers Coverage Form for one or more of the following reasons, pleading hypothetically or in the alternative:

a. The underlying complaint does not allege an "act, error or omission."

b. The "profit gain" exclusion applies.

c. The "noncompensatory damages" exclusion applies.

d. The "criminal, fraudulent, malicious, dishonest or intentional acts" exclusion applies.

e. The "contractual" exclusion applies.

57. West Bend does not owe Ron Ward a duty to indemnify under the policy's Illinois Customer Complaint Legal Defense Coverage endorsement and owes no duty to reimburse Ron Ward for his defense expenses beyond the endorsement's $20,000 liability limit.

58. West Bend does not owe Ron Ward a duty to defend or indemnify under the West Bend policy's Commercial Liability Umbrella Coverage Form for one or more of the following reasons, pleading hypothetically or in the alternative:

a. The underlying complaint does not allege "bodily injury."

b. The underlying complaint does not allege "property damage."

c. The underlying complaint does not allege "personal and advertising injury."

d. Pursuant to endorsement WB 1210 01 18, the Commercial Liability Umbrella Coverage Form does not apply to nor extend any coverage provided under Section III – Acts, Errors Or Omissions Liability Coverage of the Auto Dealers Coverage Form.

e. Coverage A's "expected or intended injury" exclusion applies.

f. Coverage A's "contractual liability" exclusion applies.

g. Coverage B's "knowing violation of rights of another" exclusion applies.

h. Coverage B's "contractual liability" exclusion applies.

i. Coverage B's "breach of contract" exclusion applies.

59. To the extent there are other bases on which West Bend can properly deny coverage, West Bend reserves the right to plead them in the future.

60. The above allegations are, on information and belief, denied by Ron Ward, who in turn contends that the West Bend policy provides coverage for the allegations of the underlying complaint. West Bend, in turn, denies contrary contentions of Ron Ward and each of them.

61. By reason of the foregoing, an actual and justiciable controversy exists between West Bend, on one hand, and Ron Ward, on the other, which may be determined by a judgment or order of this Court. Pursuant to the terms of the Declaratory Judgment Act, 28 U.S.C. 2201 *et seq.*, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of

insurance referred to herein and to adjudicate the final rights of all parties, and to give such other and further relief as may be necessary to enforce the same.

WHEREFORE, the plaintiff, WEST BEND INSURANCE COMPANY, respectfully requests that this honorable court enter a declaratory judgment, pursuant to the Declaratory Judgment Act, 28 U.S.C. 2201 *et seq*., finding and declaring that West Bend owes no duty to defend or indemnify defendant, RON WARD, under its policy, with respect to the underlying complaint filed against him on behalf of LARRY BALDWIN, DEBRA BALDWIN, JAMES WARDEN, VICKI WARDEN and JEAN BULLOCK, and for such other and further relief as the court shall deem just.

Respectfully submitted,
LINDSAY, PICKETT & POSTEL, LLC

By: /s/ *Peter G. Syregelas*
One of the attorneys for Plaintiff,
WEST BEND INSURANCE COMPANY

Peter G. Syregelas
psyregelas@lpplawfirm.com
312-970-5661
Thomas J. A. Weller
tweller@lpplawfirm.com
312-767-0345
**Lindsay, Pickett & Postel, LLC**
200 W. Madison Street, Suite 3850
Chicago, IL 60606
Fax: (312) 629-1404